UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-22954-Civ-COOKE/TORRES

INFINITY AUTO INSURANCE
COMPANY,

    Plaintiff,

vs.

FARAH ZALDIVAR a/k/a Fara Zaldivar,
ANTONIO ZALDIVAR JR., DIXIANA
PILDAIN, individually, and DIXIANA
PILDAIN as Personal Representative of the
Estate of Carlos Pildain, deceased,

    Defendants.
_____/

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S
VERIFIED MOTION FOR DEFAULT AND MOTION FOR
JUDGMENT UPON ENTRY OF DEFAULT**

    Plaintiff Infinity Auto Insurance Company ("Infinity") brings a single-count complaint seeking a declaration that it has no obligation to its insured, Defendant Farah Zaldivar ("Ms. Zaldivar"), to provide indemnification for, or to defend against, a lawsuit brought by Defendant Dixiana Pildain ("Pildain"), individually and as Personal Representative of the Estate of Carlos Pildain, against Ms. Zaldivar, and her son, Defendant Antonio Zaldivar, Jr. ("Antonio"), following a fatal car accident allegedly caused by Antonio's negligent driving. (ECF No. 20). Before me now is Infinity's Verified Motion for Default and Motion for Judgment Upon Entry of Default and Memorandum of Law (the "Motion for Default"). (ECF No. 48). I have considered the Motion for Default and the record and am otherwise fully advised in the premises. For the reasons that follow, Infinity's Motion for Default is denied without prejudice.

**I.    BACKGROUND**

    On July 23, 2013, Antonio allegedly operated a 2004 Cadillac Escalade owned by Ms. Zaldivar when it collided with a vehicle operated by the decedent,

Carlos Pildain, and also occupied by Dixiana Pildain. Compl. ¶ 14. Pildain later sued Ms. Zaldivar, Antonio, and John Doe in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *Id.* at ¶ 15. In the instant case, Plaintiff seeks a declaration that the auto insurance policy it issued to Ms. Zaldivar neither obligates Plaintiff to indemnify nor defend Ms. Zaldivar with respect to the underlying state-court action.

On May 19, 2015, Plaintiff served Antonio with process, personally serving him with a copy of the summons and Amended Complaint for Declaratory Relief. (ECF No. 46). Antonio failed to timely respond to the Amended Complaint. Plaintiff moved for entry of a Clerk's Default (ECF No. 48), which was entered (ECF No. 50). Plaintiff now seeks entry of a Default Judgment against Antonio. (ECF No. 48). All other defendants have appeared and are defending this action.

## II. DISCUSSION

Under Rule 55 of the Federal Rules of Civil Procedure, if a defendant fails to plead or otherwise defend a complaint filed against it, the Clerk of Court may enter a default against that party. Fed. R. Civ. P. 55(a). Once a default is entered, a plaintiff may seek entry of a default judgment against the defaulting defendant. Fed. R. Civ. P. 55(b). The entry of a clerk's default, however, does not necessarily require the Court to enter a default judgment. In particular, "[w]hen there are multiple defendants, the court must consider whether it may be more prudent, under the circumstances, to delay entering a default judgment against only one of the defendants." *North Pointe Ins. Co. v. Global Roofing & Sheet Metal, Inc.*, No. 6:12-cv-476-Orl-31TBS, 2012 WL 5378826, at *1 (M.D. Fla. Sept. 4, 2012); *see also Owners Ins. Co. v. Shamblin and Shamblin Builders, Inc.*, No. 8:13-cv-1929-T-30MAP, 2013 WL 6170597, at *1 (M.D. Fla. Nov. 21, 2013). This is especially so when a default judgment as to less than all the defendants may result in inconsistency. *See Drill South, Inc. v. International Fidelity Ins. Co.*, 234 F.3d 1232, 1237 n.8 (11th Cir. 2000) ("*Frow* held that where multiple defendants are jointly liable, it would be 'incongruous' for judgments to be entered against a defaulting defendant prior to the decision on the merits as to the remaining defendants. Nevertheless, *Frow* has been interpreted to apply only when there is a risk of inconsistent adjudications.") (citing

2

*Frow v. De La Vega*, 82 U.S. 552 (1872)).

Here, only Defendant Antonio is in default. The remaining defendants have appeared and answered the Amended Complaint. (ECF Nos. 27, 32). As the case remains pending as to these defendants, I find that it would be improper to enter judgment in favor of Plaintiff as this juncture, especially given that this case seeks a declaration as to Plaintiff's obligations under an insurance policy as it pertains to the pending state-court lawsuit. *See Global Aerospace, Inc. v. Platinum Jet Management, LLC*, No. 09-60756-CIV, 2009 WL 3400519, at *5 (S.D. Fla. Oct. 20, 2009) ("[C]ourts routinely withhold default judgments declaring that an insurance policy is inapplicable until the claims against the defendants who appear in the action are adjudicated."); *North Pointe Ins.*, 2012 WL 5378826, at *4 (the justification for withholding entry of default judgment "is particularly true when…the case involves the declaration of obligations and coverage under an insurance agreement that is the subject of an underlying dispute"). Because a default judgment against Antonio raises the risk of inconsistent judgments, I decline to adjudicate Plaintiff's Motion for default at this time.

### III.   CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Verified Motion for Default and Motion for Judgment Upon Entry of Default and Memorandum of Law (ECF No. 48) is **DENIED WITHOUT PREJUDICE**. Plaintiff may reassert its Motion for Default, to the extent appropriate, when this case becomes ripe for final adjudication.

**DONE and ORDERED** in chambers, at Miami, Florida, this 27th day of July 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*