UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-22954-CIV-COOKE/TORRES

INFINITY AUTO INSURANCE COMPANY,

    Plaintiff,

vs.

FARAH ZALDIVAR, *et al.*,

    Defendants.

_____/

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before me on Plaintiff Infinity Auto Insurance Company's ("Infinity") Motion for Summary Judgment ("Motion") (ECF No. 54). For the reasons stated below, Plaintiff's Motion is granted.

#### I. BACKGROUND

This case stems from a July 23, 2013 automobile accident involving a 2004 Cadillac Escalade owned by Defendant Farah Zaldivar ("Zaldivar) and allegedly driven by her son, Antonio Zalvidar, Jr. Pl.'s Mot. Summ. J. ¶ 9, ECF No. 54 (Statement of Undisputed Material Facts). The accident resulted in the death of Carlos Pildain and injuries to Dixiana Pildain. *Id.* Infinity seeks declaratory relief under 28 U.S.C. § 2201 and requests that this Court conclude that Infinity does not owe coverage to or a defense for Antonio Zalvidar, Jr. in an underlying suit brought by Carlos Pildain stemming from the July 2013 automobile accident.

At the time of the accident, Infinity insured Zalvidar under an automobile insurance policy ("Infinity Policy") issued by her family's automobile insurance agency starting in May 2013. *Id.* ¶¶ 4 – 6. The policy included coverage for seven different vehicles and listed seven different drivers in the Zalivdar family. *Id.* The 2004 Cadillac Escalade—which was purchased in December 2012, before the Infinity Policy was issued in May 2013—was not listed as one of the seven vehicles, and Antonio Zalvidar, Jr. was not listed as one of the seven drivers identified in the Infinity Policy. *Id.* ¶¶ 7, 11. Zalvidar and her husband, Antonio Zalvidar, Sr., admit that no premiums were paid to Infinity in order to insure the Cadillac Escalade. *Id.* ¶¶ 12

– 13. Both Zalvidar and Antonio Zalvidar, Sr. further indicate that they did not operate the Cadillac Escalade and that the car was for use by their son, Antonio Zalvidar, Jr. *Id.* ¶¶ 12, 15. The Cadillac Escalade was insured under an automobile insurance policy from Progressive Insurance during the accident and issued to Antonio Zalvidar, Jr. *Id.* ¶¶ 21 – 22. The Progressive Insurance policy listed a different address than the address listed on the Infinity Policy. *Id.* ¶ 23. Zalvidar confirmed that her son did not reside at their home during the relevant time period. *Id.* ¶ 24.

## II. LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The function of the trial court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

"The moving party bears the initial burden to show the district court . . . that there is no genuine issue of material fact that should be decided at trial. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.* Any inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## III. DISCUSSION

It is clear that the Infinity Policy does not provide coverage for the Cadillac Escalade or Antonio Zalvidar, Jr. The Infinity Policy explains that it may add an "additional auto" to the policy's Declarations Page if the policyholder informs Infinity of an automobile within seven days of acquiring it, and after Infinity determines that the additional automobile was of an "acceptable risk" to it. Pl.'s Mot. Summ. J. ¶¶ 16 – 17 (quoting from the Infinity Policy). There was never any notice given from anyone in the Zalvidar family for adding a Cadillac Escalade to the Infinity Policy, despite the Cadillac Escalade being purchased prior to the issuance of the Infinity Policy. Thus, the Cadillac Escalade is not an "additional auto" under the Infinity Policy.

Nor could Antonio Zalvidar, Jr. find coverage as an "insured person" under the Infinity Policy. A relative is considered an "insured person" under the Infinity Policy if they are related to a policyholder and reside in the same household. *Id.* ¶¶ 18 – 19. But Antonio Zalvidar, Jr., as indicated by the different address in his Progressive Insurance policy and as confirmed by Zalvidar herself, did not reside in the same household as Zalvidar during the relevant time period. *Id.* ¶ 24. He is not, then, an "insured person" under the Infinity Policy.

### IV. CONCLUSION

Having reviewed the arguments and the record, I find that Infinity has established that its Infinity Policy did not apply to the accident at bar. No genuine issue of material fact exists regarding the Infinity Policy. Infinity is not obliged to provide coverage to and a defense for Antonio Zalvidar, Jr. Accordingly, summary judgment in favor of Infinity is appropriate.

Therefore, it is hereby **ORDERED and ADJUDGED** that Plaintiff Infinity Auto Insurance Company's Motion for Summary Judgment (ECF No. 54) is **GRANTED**. This case is **DISMISSED** *with prejudice*. The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*. I shall concurrently issue a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in chambers at Miami, Florida, this 27th day of January 2016.

*(signature: Marcia G. Cooke)*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*